Estate of Fred W. Hartman, Plaintiff in Error,

*v.*

Estate of Robert L. Hill, Defendant in Error.

431 S.W.2d 760

(*Knoxville,* September Term, 1968.)

Opinion filed September 3, 1968.

W. H. Inman, Morristown, for plaintiff in error.

S. J. Anderson, Morristown, for defendant in error.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

The County Court of Hamblen County, upon a stipulation of facts and exhibits, sustained, in the amount of $1,000.00, a claim filed by "Robert L. Hill Estate" against the "Estate of Fred W. Hartman". The executor of the Hartman estate has appealed assigning errors.

It was stipulated that prior to July 15, 1964, Robert L. Hill was the sole proprietor of a taxi cab business in Morristown, Tennessee, doing business under the name of 1200 Cab Company. That subsequent to Hill's death, his widow and "beneficiary", Mrs. Dorotha Hill, sold this taxi cab business to "Yellow Cab Company, Inc.", taking a note in the amount of $10,500.00 from "Fred W. Hartman, President, Yellow Cab Company, Inc."

That "the seller", Mrs. Dorotha Hill, received a down payment of $2,500.00, on July 14, 1964, from "Yellow Cab Company, Inc. by Fred W. Hartman". The cancelled check evidencing this down payment is filed as Exhibit Two.

That the charter of "Yellow Cab, Inc." was issued by the Secretary of State on July 19, 1964, and recorded in the Register's Office of Hamblen County, Tennessee, on July 1964. The charter is filed as Exhibit Four.

The minutes and by-laws were not signed, nor was stock issued prior to Hartman's death.

Exhibited to this stipulation is a copy of the note showing the payee thereof as follows:

"For value received, I or we promise to pay to the order of Doratha Hill (Mrs. Robert L. 'Backer' Hill) ten thousand five hundred and no/100 Dollars in 42 installments as follows: $250.00 & Int. on the 15th day of August, 1964 and $250.00 & int. on the 15th day of each month thereafter until this note is fully paid * * *" etc. "Secured by security instrument on 7 taxi cabs, radio equipment etc, of even date herewith."

Also exhibited is a check dated July 14, 1964, drawn on the Hamilton National Bank by "Yellow Cab, Inc. by Fred W. Hartman", and payable to the order of "Mrs. Dorthy Hill" in the amount of $2,500.00, for "down payment on 1200 Cab Company".

Upon Hartman's death, and qualification of his executor, Elmer R. Hartman, a claim was filed against the Hartman Estate by "Robert L. (Backer) Hill Estate, c/o S. J. Anderson, Attorney, Morristown, Tennessee," the item and nature of the claim being described as "promissory note dated July 15, 1965 in the amount of $10,500.00 secured by lien on cars and equipment of 1200 Cab Company, interest as due, less any payments made. Amount of claim $10,500.00." This claim was verified by S. J. Anderson as attorney for Dorotha Hill Stroud, Administrator for Robert L. Hill Estate, the claim being so verified and filed, on the 23rd day of February, 1966.

The executor of Fred W. Hartman's estate filed exceptions to the claim on the grounds: (1) that the estate was

not indebted to the Estate of Robert L. Hill; (2) that the claim was filed by a non-entity, not in compliance with applicable statutes, and not properly verified; (3) that the promissory note was not executed by Fred W. Hartman and individually he was not personally obligated or liable therefor, the note being executed by, and the obligation of, a corporation; (4) that Fred W. Hartman did not execute the note in his personal or individual capacity and did not intend to be bound personally thereby.

The case on the claim was sustained to the extent of $1,000.00, the judge applying T.C.A. sec. 48-111, requiring $1,000.00 paid in or subscribed capital before a corporation can commence business. From this order the administrator c. t. a. of the Hartman Estate appealed to this Court, assigning error.

We need consider only one proposition made by the administrator c. t. a., as it requires that the claim be dismissed. That is, that the claim should have been dismissed as not having been filed by the holder of the legal or equitable title to the instrument on which the claim is based.

As stated, the claim is based on a note payable to "Doratha Hill (Mrs. Robert L. 'Backer' Hill), and has no endorsement, or anything else on it to indicate any other party owns any interest therein. This being the case, the claim should have been filed by Dorotha Hill, and not by the administratrix of the Robert L. Hill Estate. Or, if the claim was to be filed as the claim of an estate, it should have been accompanied by allegations showing how the beneficial interest or legal title got in the estate, contrary to the terms of the note.

In Gilreath's Caruthers History of a Lawsuit, sec. 47, we find the following statement:

"It may be stated, as a rule of universal application in courts of law that a suit upon a contract, express or implied, must be brought in the name of the person in whom the legal interest is vested, and this is so notwithstanding the beneficial interest, by the terms of the contract may be vested in another person."

And in Gibson's Suits in Chancery, sec. 122, it is said:

"In an ordinary action of debt brought by bill in chancery, whether such debt be based on an express, or an implied, contract; whether the contract be verbal or written * * * the person or persons entitled to recover the money must sue as complainants,".

In Phillips' Pritchard Law of Wills, sec. 742, (Para. 3), Judge Phillips, in discussing the 1939 Claims Act under which this claim is filed, says:

"The act was passed to regulate procedure and brought about no change in substantive law. It established no new rights and does not deny any right already existing."

■ This, of course, is sound law, and brings into operation the substantive law rule that the claim must be filed by the owner of the legal title thereto or be accompanied by such allegations of fact as show the claimant has the beneficial interest in the claim; a situation which does not exist in this case.

The wisdom of this rule is exemplified by this case for it is one out of which several legal or equitable relationships could arise. For example: According to the promissory note the claim belongs to Dorotha Hill. According

to the implication of one statement in the stipulation, the note should have been payable to Robert L. Hill, Administrator, as Hill is referred to in the stipulation as the proprietor of the business which was sold. However, the effect of this statement in the stipulation is offset by the stipulation that the business was sold by "his widow and *beneficiary*". (Our emphasis). And by the further fact that it is stipulated that Mrs. Dorotha Hill was "the seller" and "received the down payment of $2,500.00" on the date of the sale, from which it is reasonable to infer she had some personal rights in the subject matter.

In the light of all of these contradictions as to the ownership of the legal or beneficial interest in this note at the time it was filed, we think the exception based on this proposition is good and that the claim should have been dismissed. Accordingly, we sustain this contention of the administrator c. t. a. and dismiss the claim, without prejudice to the rights of the true owner thereof. The costs are taxed against the Administratrix of the Robert L. Hill Estate and Dorotha Hill Stroud, and her sureties.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.